IN THE MATTER OF THE ASSIGNMENT OF JOEL B. FARNUM FOR THE BENEFIT OF HIS CREDITORS.

*General assignment — accounting by assignee — when it may be compelled.*

Where an application is made to compel an assignee for the benefit of creditors to render an account, he cannot defeat the application by alleging that the assignment has been rendered void by his own failure to file the bond and schedule of assets, as required by the statute.

A county judge has power, upon the accounting of the assignee, to admit or reject a claim presented by a creditor, and to determine who are and who are not entitled to participate in the distribution of the estate.

The fact that an assignee denies that anything is due to one who applies to have him compelled to render an account, furnishes no reason why such application should be denied.

APPEAL from an order made by the County Court of Kings county, compelling John Hopkins, the assignee of Joel B. Farnum, to render an account.

*John F. Baker*, for John Hopkins, appellant.

*John L. Lindsay*, for the petitioner respondent.

BARNARD, P. J.:

There does not seem to be any legal ground for this appeal. In February, 1874, Joel B. Farnum made a general assignment of all his property to John Hopkins for the benefit of all his creditors. The assignee filed no bond or schedule of assets as required by the provisions of chap. 348, of laws of 1860, and the amendments thereto made by chap. 56, of laws of 1875. The assignee received nearly four thousand dollars from the estate of the assignor and has paid no body anything. In September, 1876, Amy Farnum presented her petition to the county judge of Kings county, asking for an order compelling the assignee to account for and pay what should be due her on the accounting. The county judge on the 16th of September, 1874, granted an order requiring the assignee to show cause why he should not make such account, and pay the petitioner her just share of the estate. The petitioner testifies in her petition that she is a creditor of the assignor in the sum of $3,826.54. That the assignee has admitted her claim and entered it upon the list of creditors. On the return day of the order to show cause the assignee makes three excuses against rendering an account. The first objection is that by reason of his non-compliance with the statute above mentioned, the assignment is void. This objection is untenable. While it may be admitted that by this neglect creditors of the assignor and purchasers in good faith from him might urge a legal claim against the assigned property, based upon this neglect, the person who was guilty of the neglect cannot do so. He was still assignee. He still held the property as trustee for the creditors, after he had executed the trust so far as to possess himself of the assets under the assignment. (*Brennon* v. *Wilson*, Mass. Court of Appeals, decided Dec. 21, 1877.) The second objection made by the assignee against accounting, is that part of the assigned property was under legal seizure at the time of the assignment. That the creditors (it does not appear how many) met in an office in New York, and there agreed that all seizures should be released and

that Hopkins should take all the property of the debtor and apply the same *pro rata* to the payment of the debts. The assignee claims that this assignment made him the agent for the creditors and not responsible to account as assignee. There are two insuperable difficulties against this view. The creditors had no title to give and it does not appear, as has been stated, that all the creditors assented to the arrangement. The creditors who had liens gave them up and the assignee took all the property. His title came from the assignment alone, and the legal effect of the arrangement was no greater than to induce the attaching creditors to release their liens. The assignment stood in its full force.

The last objection is that the assignee denies the debt of petitioner. This objection also furnishes no reason why he should not account. The petitioner swears to her debt. That is a good ground of inquiry. The petitioner must prove her debt. She cannot bring her action against the assignee. A judgment against the assignor would put the petitioner in no better position than she now is, so far as her debt is concerned. The assignee can as well deny that as deny the claim in its present shape. There could never be a compulsory accounting if the assignee chose to deny the debt of the petitioning creditor. The power of the county judge I deem to be ample to admit or reject a claim presented at the hearing. He has "power to examine the parties to such assignment and other persons, on oath, in relation to such assignment and accounting, and all matters connected therewith." The county judge has power to decree payment of the "creditor's just proportional part of such fund." The power to settle and distribute the estate implies the power to determine who are the creditors who shall receive it. There can be no just proportional part determined as due any creditor, without the power to first establish the real claim against the fund. The order appealed from should be affirmed, with costs and disbursements to be paid by John Hopkins personally.

GILBERT and DYKMAN, JJ., concurred.

Order affirmed, with costs against John Hopkins personally.